### JENNINGS et al. v. SMITH et al.

(District Court, S. D. Georgia, N. E. D. August 7, 1917.)

Courts ⬦350—Federal Courts—Practice—Taking of Depositions.

Equity rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) declares that in all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or rule. Rev. St. § 863 (Comp. St. 1916, § 1472), provides for the taking of depositions of witnesses living at a greater distance than 100 miles, or where they are aged or infirm, and declares that the depositions may be taken before a judge of any court of the United States or any commissioner, etc. Aged and infirm witnesses lived more than 100 miles from the place of trial, and without the district in which suit was pending. It was desired to take their testimony before the judge who was to hear the cause while on vacation at the place of the residence of such witnesses. *Held*, that an application to take such testimony would be granted, despite the equity rules.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by M. S. Jennings and others against Zadock Smith and others. On application to take testimony. Application granted.

See, also, 232 Fed. 921; 242 Fed. 561.

E. K. Lumpkin and J. J. Strickland, both of Athens, Ga., G. P. Martin, of Commerce, Ga., and Marion Smith, of Atlanta, Ga., for applicant.

SPEER, District Judge. The hearing in this matter was had by virtue of a rule calling upon the defendants' counsel to show cause why the testimony of certain witnesses should not be taken before the district judge, having jurisdiction, at Mt. Airy, a point not within the territorial limits of the district of which he is judge, and where the cause is pending. All of the witnesses whose testimony is sought reside more than 100 miles from Augusta, where the cause must be tried. All reside in the vicinity of Mt. Airy. All of them are very old and infirm.

There was no showing against the application, and the question presented is: Has the judge, under the circumstances, the power to take the testimony at the point indicated? It is true that the new equity rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) provides that testimony shall be taken by oral examination in open court. This was obviously designed to enable the trial judge to observe the witnesses while testifying, their manner, and all of the possibly trivial, but often important, indicia of conduct when under examination. The Supreme Court, in framing the new rule, doubtless gave great attention to the modifications made in the old English equity practice:

"The viva voce examination of witnesses may take place either before the court, the judge, or his chief clerk, in chambers, or an examiner of the court, or an examiner especially appointed." Fourth Edition of Daniell's Chancery Pleading and Practice, volume 1, page 903.

This rule, of course, allowed the witnesses to be examined before the judge prior to the final hearing. To ascertain the place for such hearing, equity rule 46 must be considered in connection with Revised Statutes, § 863, 3 Federal Statutes Annotated (2d Ed.) 172. This provides for the taking of testimony de bene esse, where the witnesses live a greater distance from the place of trial than 100 miles, or where the witnesses are aged or infirm. Both of these conditions obtain with the witnesses who live in the neighborhood of Mt. Airy, and who, because the judge is at his summer home there, it is now proposed to examine, for the purposes of convenience, to save the cost of travel, and to perpetuate the testimony of the aged and infirm, who according to the course of nature are likely to die at any time.

This statute also provides that:

"The deposition may be taken before any judge of any court of the United States."

It is not understood that equity rule 46 denies a power so indispensable and so long exercised. In other words, where, because the witness resides beyond the limits in which the subpœna of the court is operative, or when he is so aged and infirm that he probably can-

not attend court in person, or it is essential, because of such age and infirmity, to perpetuate his testimony, the court is not by this rule deprived of the power to take his deposition. It is true that the judge might appoint an examiner or commissioner to take the testimony of witnesses of this character or thus situated. It follows that, what he has the power to authorize another to do, he may do himself. The fact that he is the judge who may try the case seems, in contemplation of the forty-sixth equity rule, to make the order sought increasingly appropriate, for the purpose of the rule, as stated, is to enable the judge, wherever it is convenient and feasible, to see and hear the witnesses in person and to observe their manner and demeanor while testifying.

For these reasons, the order sought will be granted.